In re Ernest F. MART, Debtor.

Roy G. GREEN, Director, Workers'
Compensation Department, State
of Oregon, Plaintiff,

v.

Ernest F. MART, DBA Mart Excavating
& Trucking, Defendant.

Bankruptcy No. 682–07805.
Adv. No. 682–7437.

United States Bankruptcy Court,
D. Oregon.

Oct. 5, 1983.

Gearold L. Sliger, Salem, Or., for plaintiff.

Michael W. Doyle, Eugene, Or., for defendant.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

██ This proceeding was commenced by plaintiff, Roy G. Green, Director, Workers' Compensation Department, State of Oregon, seeking determination of the dischargeability of any obligation of the debtor, Ernest F. Mart, which might arise out of injuries to an alleged employee of the debtor at a time the debtor was a non-complying employer under Chapter 656 of the Oregon Revised Statutes as a non-dischargeable tax pursuant to 11 U.S.C. § 523(a)(1). Subsequently, plaintiff sought to continue the dischargeability proceeding and by ambiguous pleadings which the parties have treated as a complaint for relief from the stay obtain relief from the automatic stay of 11 U.S.C. § 362 and which will be so treated by the Court in order to resolve the issues of employer subjectivity and employee compensability before the Oregon Workers' Compensation Board, Hearings Division.

Plaintiff has alleged that the debtor was an employer subject to the Workers' Compensation Law, ORS 656.001 to 656.990; that the debtor did not have Workers' Compensation insurance; and that an employee, Richard R. Yorek, was injured on July 16, 1982, while working for the debtor. The debtor-defendant filed his Chapter 7 petition on August 11, 1982. The debtor denies that claimant Yorek was his employee on

July 16, 1982, and contends that relief from the stay should be denied.

The stay should be lifted for determination of the subjectivity and employee compensability, if enactment and administration of claims arising from compensation law are a valid exercise of the state's police or regulatory power. This Court holds that such laws are such exercise. See *New York Central R.R. Co. v. White,* 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917) and *In re Mansfield Tire and Rubber Co.,* 660 F.2d 1108 (6th Cir.1981) at p. 1113.

This Court finds apposite the opinion of the court in the *Mansfield* case, supra, at p. 1115:

> "The final 'claim' by the Industrial Commission against Mansfield for the amount of benefits to workers from the State Insurance Fund is not covered by this opinion. Satisfaction of that claim against the estate is a separate matter to be taken up before the Bankruptcy Court after such a claim has been filed."

Because the issues of allowability of any claim and its dischargeability are issues which are under the Bankruptcy Code exclusively for determination by the Bankruptcy Court, under appropriate proceedings it is not necessary for the court to reach the issue of dischargeability or whether or not in fact a claim or obligation of the debtor if an obligation be determined is a tax and as such nondischargeable.

Because the stay is being modified it is not necessary to reach the question of whether an obligation born of pre-bankruptcy petition event resulting in a post-petition claim is excepted from the stay.

Separate order will therefore be entered modifying the automatic stay to allow the plaintiff to proceed with its administrative hearings to determine the debtor's subjectivity to and the alleged employee's compensability under the Workers' Compensation Law and in the event compensability be determined to file a claim and the Court will abstain therefrom but the issues of allowability and dischargeability of any such claim will be reserved for determination by the Bankruptcy Court.

This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 7052 they will not be separately stated.